**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES TUMINELLO and UBS FINANCIAL SERVICES, INC., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> BRIAN RICHARDS and BRICH HOLDINGS LLC, a Nevis limited liability company, <br><br> Defendants - Appellees. | No. 12-35259 <br><br> D.C. No. 3:11-cv-05928-BHS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted November 5, 2012
Seattle, Washington

Before: W. FLETCHER and FISHER, Circuit Judges, and DEARIE, District
Judge.[**]

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The Honorable Raymond J. Dearie, Senior United States District Judge for
Eastern District of New York, sitting by designation.

Appellants James Tuminello and UBS Financial Services, Inc. appeal the district court's order granting appellee Brian Richards' motion to compel arbitration and stay proceedings and denying appellants' motion for a preliminary injunction. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.

**1.** The arbitrator, rather than the district court, should determine whether this dispute is arbitrable. The parties' agreement provides that the arbitrator shall decide "any and all controversies . . . concerning any account(s), transaction, dispute or the construction, performance, or breach of this or any other Agreement." This language provides clear and unmistakable evidence that the parties intended the question of arbitrability to be decided in arbitration. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) ("The question whether the parties have submitted a particular dispute to arbitration, *i.e.*, the '*question of arbitrability*,' is 'an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise.'" (quoting *AT & T Techs., Inc. v. Commc'ns Workers*, 475 U.S. 643, 649 (1986))); *Momot v. Mastro*, 652 F.3d 982, 988 (9th Cir. 2011) ("[T]his language, delegating to the arbitrators the authority to determine 'the validity or application of any of the provisions of' the arbitration clause, constitutes 'an agreement to arbitrate threshold issues

2

concerning the arbitration agreement.'" (quoting *Rent-A-Ctr., W., Inc. v. Jackson*, 130 S. Ct. 2772, 2777 (2010))).

**2.** Even assuming that the parties had not delegated gateway questions of arbitrability, the district court correctly determined that the dispute was arbitrable. The court's role in such an inquiry is *"*limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). The court should not consider a defense that touches on the merits of the case. *See id.* at 1134. A valid agreement to arbitrate exists between Richards and UBS, and whether Tuminello and UBS are liable to Richards for any actions or inactions is a "controversy" within the scope of the agreement. Appellants' arguments are intertwined with the merits of whether Richards is entitled to recover against them. Those arguments should therefore be addressed by the arbitrator.

**AFFIRMED**.